WILLIAM BAKER, Bar No. 157 906
MORENO & ASSOCIATES
786 Third Avenue, Suite D-E
Chula Vista, California 91910
Telephone: (619) 422-4885

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

Southern District of California

| | |
|---|---|
| EMILIANO LOZANO, ) | Case No. '13CV0099 L    NLS |
| ) | |
| Plaintiff ) | COMPLAINT FOR DECLARATORY |
| v. ) | JUDGMENT RE UNITED STATES |
| ) | CITIZENSHIP |
| HILLARY RODHAM CLINTON, ) | |
| United States Secretary of State; and ) | |
| RICK SALLTZMAN, Director, San ) | |
| Diego Passport Agency, ) | |
| Defendants ) | |
| _____ ) | |

Plaintiff alleges as follows:

INTRODUCTION

1.     This is a complaint for declaratory judgment re United States citizenship pursuant to 8 U.S.C. § 1503 and 28 U.S.C. § 2201.

2.     The complaint seeks a *de novo* judicial determination of the status of plaintiff as a United States national.

3.     The issue presented is whether the United States Department of State can revoke and deny the United States passport it issued to plaintiff.

4.     Venue is proper under 28 USC §1391(e) because the plaintiff resides

1

1  in this district and no real property is involved in this action.

2      5.    Plaintiff EMILIO LOZANO is a United States citizen who resides in
3  Chula Vista, California.

4      6.    Defendant HILLARY R. CLINTON is the Secretary of State of the
5  United States, and is being sued in her official capacity.

6      7.    Plaintiff is informed that defendant RICK SALTZMAN is the
7  Director of the San Diego Passport Agency, and is being sued in his official
8  capacity.

9      8.    The court has jurisdiction over the defendants and the subject matter
10 of this action, and venue is properly fixed in this Court.

## FACTS

12     9.    Plaintiff was born on August 22, 1974 in Brownsville, Texas.

13     10.    Plaintiff's mother and father were citizens and nationals of Mexico.

14     11.    Plaintiff's mother, Maria Del Rio de Lozano used to have a United
15 States Border Crossing Card that allowed her to lawfully enter the United States.

16     12.    On September 11, 1974 the Texas Department of Health, Bureau of
17 Vital Statistics filed a Certificate of Birth attesting to plaintiff's August 22, 1974
18 birth in Brownsville, Texas.

19     13.    Plaintiff's mother and father always told him that he was born in
20 Brownsville, Texas.

21     14.    On November 2, 2004 the Department of State issued a United States
22 Passport to plaintiff (No. 039007155).

23     15.    On April 12, 2011, plaintiff applied for a United States Passport Card.

24     16.    On September 26, 2012, a special agent of the United States
25 Department of State Diplomatic Security Service arrested plaintiff and charged

2

him with passport fraud. Plaintiff gave his passport to the special agent.

17. On September 27, 2012 a criminal complaint was filed against plaintiff in the United State District Court for the Southern District of California charging him with a violation of 18 U.S.C. § 1542, False Statement in Passport Application (12 MJ 3561).

18. On November 1, 2012 the court granted the United States Attorney's motion to dismiss the criminal case without prejudice.

19. On October 19, 2012 the United States Department of State sent plaintiff a letter informing him that it had revoked his passport based on the suspicion that he may have been born in Mexico.

## CLAIMS

### Declaratory Judgment-28 U.S.C. § 2201

20. The allegations contained in paragraphs 1 through 19 are repeated and realleged as set forth herein.

21. Under the Declaratory Judgment Act, the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

22. 8 U.S.C. § 1503 allows a plaintiff within the United States who is denied a privilege as a United States national, such as the issuance of a passport, to bring a declaratory judgment under 28 U.S.C. § 2201.

23. 8 U.S.C. § 1503(a) authorizes a de novo judicial determination of the status of the plaintiff as a United States national. *Richards v. Secretary of State*, 752 F.2d 1413, 1417 (9th Cir. 1985).

24. An actual controversy exists between plaintiff and defendants concerning whether plaintiff is a United States citizen.

25. Plaintiff desires a judicial determination and declaration of whether he is a United States citizen by virtue of his birth in the State of Texas entitled to a United States passport.

26. Plaintiff is entitled to reasonable attorney fees, expenses, and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

WHEREFORE, Plaintiff prays that the Court:

1. A judicial declaration that plaintiff is a United States citizen and national entitled to a United States passport;

2. Grant Attorney's fees, expenses and costs of Court to Plaintiff under the Equal Access to Justice Act; and

3. Grant such other and further relief as this Court deems proper; and

DATED: January 9, 2013

                                          Respectfully submitted,

                                          /s/ *William Baker*

                                          _____

                                          WILLIAM BAKER
                                          Attorney for plaintiffs